UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN D. MCDONALD,

    Plaintiff,

  v.

AJAZ KURSHID, KAREN SAYLOR, JOHN CHOE, and RONALD FLECK, in their official and individual capacities,

    Defendants.

Case No. C04-5736RJB

ORDER REGARDING PLAINTIFF'S REQUEST FOR RECUSAL

    This matter has been referred to United States Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(A) and 636 (b)(1)(B), and Local Magistrates Rule MJR3 and MJR4. Plaintiff is an individual seeking damages in a civil lawsuit pursuant to 42 U.S.C. § 1983. The matter is before the court on plaintiff's request for the undersigned to recuse himself from the case and have the matter reassigned to another judge. (Dkt. # 47 & 49).

## DISCUSSION

    A judge must recuse himself if a reasonable person would believe that he is unable to be impartial. Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir.1992); United States v. Conforte, 624 F.2d 869, 881 (9th Cir.1980). In Liteky v. United States, 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed.2d 474, (1994), the Supreme Court further explained the narrow bases for recusal:

ORDER
Page - 1

> Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.... [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

Id. at 555, 114 S.Ct. 1147.

Here, the undersigned does not hold any bias for or against any party involved in this matter. Plaintiff argues the undersigned has deliberately suppressed or failed to serve documents in this matter as requested. Plaintiff has not shown the court that there is any apparent bias.

## CONCLUSION

Based on the foregoing, the undersigned submits that there is no reasonable basis for a voluntary recusal in this instance. According to GR 8(c) of the Local Rules for the Western District of Washington, the Clerk should forward the matter to the Honorable Robert S. Lasnik for review.

DATED this 25th day of July, 2005.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge