UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN DARBY MCDONALD,<br><br>Plaintiff,<br><br>v.<br><br>M. AIJAZ KHURSHID, *et al.*,<br><br>Defendants. | Case No.  C04-5736RJB<br><br>ORDER GRANTING MOTION TO ASSIST WITH APPOINTMENT OF COUNSEL AND ORDER STRIKING ALL OTHER PENDING MOTIONS |

This matter is before the court, following Chief Judge Lasnik's order denying plaintiff's requests for recusal (Docs. 47, 49, & 159), on not less than 60 motions filed by Mr. McDonald, many of which contain multiple requests.  On review of the record, the court does hereby find and ORDER.

(1) On November 1, 2004, Plaintiff submitted the original complaint.  After being granted *in forma pauperis* status (waiving the filing fee) the Complaint (Doc. 18) was filed by the court clerk on March 31, 2004.  However, before this date Plaintiff filed an Amended Complaint (Doc. 4), and it was this pleading that the court directed to be served on the named defendants.

Plaintiff's Amended Complaint incorporates requests for preliminary injunction, appointment of counsel and appointment of a guardian ad litem.  Plaintiff names four defendants in the complaint: (i) M. Aijaz Khurshid, a physician at Stafford Creek Corrections Center; (ii) Karen Saylor, a physician at McNeil Island Correctional Center; (iii) John Choe, a physician at McNeil Island Correctional Center; and (iv) Ronald Fleck, a physician at the Washington State Penitentiary.

The Amended Complaint is deficient.  It does not state with any specificity what acts were allegedly

ORDER
Page - 1

done by any of the named defendants which harmed Plaintiff.  The Amended Complaint fails to state any specific cause of action against any one of the four named defendants.  Plaintiff attempts to incorporate the original Complaint, exhibits and documents filed along with the original complaint and a declaration filed in support of the Amended Complaint, but this is inadequate.  An Amended Complaint stands on its own.

(2) Having reviewed each of the motions, several responses filed by defendants' attorney, the court finds it is appropriate to GRANT Plaintiff's request for assistance in the appointment of an attorney in this matter.  In accordance with the plan and rules for the pro bono panel, the Court Clerk is requested draw on the pro bono panel and forward to the court the name of an attorney who can then be appointed to represent Plaintiff in this matter.

(3) Because of the time that has elapsed, the repetition of the motions/requests, and the procedural mistakes (all of which support the court's finding that an attorney representing plaintiff in this matter would assist plaintiff, defendants, and the court), the court is striking all pending motions and requests without prejudice.  Plaintiff shall not file or serve any discovery requests or motions, letters or pleadings until an attorney has been selected, appointed, and appeared on Plaintiff's behalf.

(4)  The Clerk is directed to send copies of this order to plaintiff and counsel of record

DATED this 22nd day of September, 2005.

                                            /s/ J. Kelley Arnold
                                            J. Kelley Arnold
                                            United States Magistrate Judge