1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN DARBY MCDONALD,

Plaintiff,

v.

M. AIJAZ KHURSHID, *et al.*,

Defendants.

Case No.  C04-5736RJB

ORDER GRANTING
WITHDRAWAL AND ORDER
TO SHOW CAUSE

On review of the record, the court does hereby find and ORDER.

(1) On September 22, 2005, the court asked the Court Clerk to draw on the pro bono panel and forward to the court the name of an attorney who was willing to be appointed to represent Plaintiff in this matter.  Ms. Stephanie Bloomfield, a very well qualified and respected attorney, stepped up to fill this role and was appointed on October 4, 2005.

(2) Now before the court are several motions and requests (Docs. 182, 183, 184, 188, 189, 191, 192, 195) filed by Mr. McDonald stating that he has fired Ms. Bloomfield and seeking her withdrawal from this matter.   Plaintiff's first request was filed only approximately one month following Ms. Bloomfield's appearance, in which plaintiff complained of Ms. Bloomfield's lack of action taken on his behalf.

Based on Ms. Bloomfield's declaration filed in regard to this issue, the court finds Ms. Bloomfield was actively and appropriately pursuing her client's claims.  She was in the process of obtaining the voluminous medical and legal records to develop her knowledge of the case and the history necessary to properly represent any client.  The court notes that Mr. McDonald acknowledged that he was agitated and

ORDER
Page - 1

1   upset at the time he "fired" Ms. Bloomfield and that he would be willing to accept her reappointment. *See*

2   Doc. 188.  Due to the breakdown in the relationship with her client, Ms. Bloomfield does not feel she

3   should continue to represent Mr. McDonald.  *See* Doc. 181.

4          Given the situation, the court finds it appropriate to allow Ms. Bloomfield to withdraw from

5   representing Mr. McDonald in this matter.   Accordingly the court **GRANTS** plaintiff's motion to allow

6   the withdrawal of his court appointed attorney.  The court appreciates Ms. Bloomfield's  willingness to

7   take on this difficult  matter and her willingness to be assigned to future pro bono cases.

8          3.   The court **DENIES** plaintiff's further requests and motions for appointment of a different pro

9   bono attorney.  There is no reason to believe that,  if the court requested another attorney from the pro

10  bono panel to represent Mr. McDonald, the same amount of time (4 to 6 weeks) would be needed for the

11  newly appointed attorney to gather the information necessary to conduct his or her own independent

12  investigation of the alleged facts to properly represent Plaintiff in this matter.  Consequently, there is no

13  reason to believe that appointment of another counsel in this matter would not result in the same

14  frustration and emotion from plaintiff and the same ultimate request from Mr. McDonald for substitution of

15  counsel.  This would only further delay litigation.

16         4.  As noted in the court's previous order appointing counsel, the Amended Complaint filed in this

17  matter is deficient.  It does not state with sufficient specificity what acts were allegedly done by any of the

18  named defendants which allegedly harmed Plaintiff.   The Amended Complaint fails to state any specific

19  cause of action against any one of the four named defendants.  Plaintiff attempts to incorporate the original

20  Complaint, exhibits and documents filed along with the original complaint and a declaration filed in support

21  of the Amended Complaint, but this is inadequate.  An Amended Complaint must stand on its own.

22         **By not later than January 21, 2006, Plaintiff shall file an amended complaint, curing those**

23  **deficiencies, or show cause why this matter should not be dismissed for failure to state a cognizable**

24  **claim**.

25         The court will further note that in the Amended Complaint, Plaintiff names four defendants: (i) M.

26  Aijaz Khurshid, a physician at Stafford Creek Corrections Center; (ii) Karen Saylor, a physician at McNeil

27  Island Correctional Center; (iii) John Choe, a physician at McNeil Island Correctional Center; and (iv)

28  Ronald Fleck, a physician at the Washington State Penitentiary.  Plaintiff is no longer housed or in custody

ORDER
Page - 2

at one of the facilities in which any of the named defendants is employed or otherwise provides services. This is significant due to plaintiff's continued requests to receive injunctive relief, for which he has not shown any immediate harm from any of the named defendants and lacks standing to present in this matter. Any Amended Complaint filed to cure the noted deficiencies above shall be limited to the time period in which plaintiff was previously in custody at Stafford Creek or McNeil Island, as this court arguably does not have jurisdiction over facilities and persons employed in facilities outside of the Southern portion of the Western District of Washington to entertain plaintiff's requests for injunctive relief.

　　　　5. On April 26, 1996, the President signed into law the Prison Litigation Reform Act, which affects in forma pauperis applications and civil complaints brought by prisoners seeking relief under § 1983.   The in forma pauperis statute now states:

> **(g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.**

Prisoner Litigation Reform Act of 1995 § 804(d) (will be codified as amended at 28 U.S.C. § 1915).

　　　　Mr. McDonald has been granted leave to proceed *in forma pauperis* in this matter.  In his proposed complaint filed along with his application to proceed *in forma pauperis*, Mr. McDonald informed the court that he had filed several previous lawsuits, but he only listed one  previous case despite the instruction that he list all of the cases on separate attached sheets of paper if more space was needed to list them all.  In searching the court's computer records, it appears Mr. McDonald was not as forthright as he could have been with respect to his previous case history.  The court records for the Western District of Washington indicate plaintiff has filed at least 13 separate matters with the court since 1993.  Significantly, this court has identified three cases that were dismissed because plaintiff either failed to state a proper claim or the claim was frivolous or malicious.  See C96-0529R, McDonald v. Hiatt, et al.; C99-2074Z, McDonald v. Needy, et al.; and C01-1301P, McDonald v. Verge, et al.

　　　　In addition to the above, the court notes the continuing obnoxious and  vexatious nature or tone contained in Mr. McDonald's instant pleadings.  For instance, even though the court properly struck several motions filed by plaintiff due to procedural mistakes and repetition, which causes unnecessary delay and expense to all parties involved, Mr. McDonald continues to make repeated requests without following

1  appropriate procedure.  To file his request to have his appointed attorney withdrawn from the matter, he

2  filed at least 8 motions or requests with the court between November 16, 2005, and December 9, 2005.

3  The court further notes that issues regarding plaintiff's mental competence to proceed pro se in cases and

4  whether or not he should be entitled to a guardian ad litem have been raised in the previous cases several

5  times to no avail, and Mr. McDonald has failed to disclose the previous resolution of those issues to this

6  court when he presented similar motions or requests.

7         In sum, **Plaintiff is required to show cause by not later than January 21, 2006,** why this matter

8  should not be summarily dismissed as required by the Prisoner Litigation Reform Act of 1995 § 804(d).

9         (6)  The Clerk is directed to send plaintiff a copy of this Order.

10         DATED this 28th day of December, 2005.

11

12                   _/s/ J. Kelley Arnold_
                  J. Kelley Arnold
                  United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
Page - 4