UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN DARBY MCDONALD,

    Plaintiff,

  v.

M. AIJAZ KHURSHID, *et al.*,

    Defendants.

Case No.  C04-5736RJB

ORDER ADOPTING REPORT
AND RECOMMENDATION

    This matter comes before the Court upon United States Magistrate Judge J. Kelley Arnold's Report and Recommendation (Dkt. 258), Plaintiff's objections (Dkts. 266, 270, 271, 273, 275, 276), and various other motions made by Plaintiff after issuance of the Report and Recommendation including:   Motion for Order to Show Cause (Dkt. 243), Motion for Contempt (Dkt. 244), Motions to Appoint Counsel (Dkts. 245, 246, and 274), Motions to Compel (Dkts. 249, 262, 269), Motion to Reinstate all Struck Pleadings (Dkt. 250), Motion to Prohibit Magistrate Kelley from "Cooking" the Docket Sheet and Pleadings (Dkt. 252), Motions to Amend Complaint (Dkt. 257, 265),  Request by Plaintiff for Court Ordered Protection from Retaliation from WSP Staff and Medical Staff (Dkt. 260), Motion Showing that the S.O.U. Recommended Against Sending Pltf [sic] Back to Washington State (Dkt. 261), Motion for White, Legal Paper Please (Dkt. 268).  The Court has reviewed all documents filed in support of and in opposition to these motions, has reviewed the entire file, and is fully advised.

## I.   <u>BASIC and PROCEDURAL FACTS</u>

    The core of Plaintiff prisoner's case is that the Defendants violated his constitutional rights by being deliberately indifferent to his medical needs.  Plaintiff seeks seven million dollars for Defendants'

1  "deliberate indifference, causing pain and suffering and failure to treat." Dkt. 18, at 40. The basic and
2  procedural facts are laid out in depth in the Report and Recommendation and shall not be repeated here.
3  Dkt. 258. The Report and Recommendation recommends the dismissal of Plaintiff's case because 1)
4  Plaintiff has failed to state a claim in his complaint (or the amended complaint) and has failed to cure the
5  complaint's deficiencies, and 2) Plaintiff has abused the legal process, harassed numerous parties, and has
6  engaged in vexatious behavior. *Id*.

7  After the Report and Recommendation was filed, Plaintiff tried to add Judge Arnold as a defendant.
8  Dkt. 260. He has also filed various additional motions and objections, including a Motion for White Legal
9  Paper Please. Dkts. 260-66, 268-76.

10                          **II.   DISCUSSION**

11     **A.   FAILURE TO STATE A CLAIM**

12  A court may dismiss a claim if it appears beyond doubt that the plaintiff can prove no set of facts to
13  support the claim that would entitle the plaintiff to relief. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th
14  Cir. 1983), *citing Conley v. Gibson*, 355 U.S. 41, 45-56 (1957). Dismissal may be based on either the lack
15  of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.
16  *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are
17  taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d
18  1295 (9th Cir. 1983).

19  As stated in the Report and Recommendation, the complaint fails to allege facts sufficient to
20  support an Eighth Amendment claim of inadequate medical care. A prison official's deliberate indifference
21  to an inmate's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth
22  Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a deliberate indifference claim, a
23  prisoner plaintiff must allege both that the deprivation of medical care in question was objectively serious,
24  and that the defendant official acted with a subjectively culpable state of mind. *Wilson v. Seiter*, 501 U.S.
25  294 (1991).

26  Here, Plaintiff has failed to make credible allegations that the deprivation of medical care in
27  question was objectively serious. Plaintiff's complaint indicates that the Defendants were following
28  Plaintiff's progress on his various aliments. Plaintiff received gall bladder surgery. Plaintiff's complaint

1  indicates that he received medical assessments from outside sources.

2        Moreover, Plaintiff has failed to allege that the named Defendants acted with a subjectively culpable
3  state of mind. The Report and Recommendation points out that deliberate indifference may be shown
4  where prison officials deny, delay or interfere with medical treatment or by the way in which prison
5  officials provide medical care. Dkt. 258, at 6, (*citing Hutchinson v. United States*, 838 F.2d 390, 394 (9th
6  Cir. 1998)). However, a difference of opinion as to which medically acceptable course of treatment should
7  be followed does not establish deliberate indifference. *Id.* (*citing Sanchez v. Vild*, 891 F.2d 240, 242 (9th
8  Cir. 1989)) Plaintiff's claims are based solely on his disagreement with Defendants' medical evaluations
9  and their chosen course of treatments. For example, he repeatedly refers to his desire to receive interferon
10 treatment for hepatitis C, and then he alleges Defendants did not agree with this course of treatment. He
11 states Defendants stated he was a drug seeker and refused to give him the type of pain medication he felt
12 he needed.

13       Plaintiff has failed to state a claim upon which relief can be granted. Although Plaintiff properly
14 points out that he does not need to prove his allegations at this stage, he must allege sufficient facts to
15 support his theory of recovery. Plaintiff has failed to do so, and failed to cure the deficiencies when invited
16 to do so by the Court. *See* Dkt. 168. The complaint should be dismissed. Due to Plaintiff's abuse of the
17 legal process, his complaint should be dismissed with prejudice.

18     **B.**    **PLAINTIFF'S ABUSE OF THE LEGAL PROCESS**

19       The Report and Recommendation urges dismissal of this case with prejudice due to Plaintiff's abuse
20 of the legal process, harassment of various parties, and vexatious behavior. Dkt. 258. Fed. R. Civ. P. 11
21 (b) provides:

22     Representations to Court. By presenting to the court (whether by signing, filing, submitting,
23     or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
24     (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

25

26 Under Rule 11(b)(1)(B) the Court may, on its own initiative, "enter an order describing the specific
27 conduct that appears to violate subdivision (b) and directing a . . . party to show cause why it has not
28 violated subdivision (b)." The Rule provides that sanctions imposed for a violation shall be limited to

ORDER
Page - 3

what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Rule 11(c)(2).

The Report and Recommendation describes the specific conduct which violates Rule 11 (b), including noting that Plaintiff has filed motions for Defendants or prison officials to provide certain documents unrelated to the case, i.e. proof that Defendants are homosexuals, pedophiles, and/or transvestites (Dkt. 58). Dkt. 258. The Report and Recommendation further describes several instances where Plaintiff makes inflammatory and harassing statements about most individuals involved in the case in some manner. *Id.* The Report and Recommendation includes examples of Plaintiff filing motions in an attempt to delay proceedings or increase the cost of litigation. *Id.*

In response, Plaintiff files several pleadings he entitles "objections." Dkts. 266, 270, 271, 273, 275, and 276. In these pleadings, Plaintiff continues to violate Rule 11(b). Plaintiff again refers to Assistant Attorney General Ruth Ammons as the "evil one" (Dkt. 266-1, at 1) states that "he is presently lusted for the last 5 years by the doc pedophiles" (Dkt. 266-1, at 3) and requests this Court to issue an order to prohibit "def Corn Flake from playing with his penis ever again" (Dkt. 266-1, at 3). Plaintiff defends these statements by saying that they are true. Dkt. 171, at 3-4. As further example of Plaintiff's frivolous motions, Plaintiff attempts to add Judge Arnold as a defendant (Dkt. 260) for his judicial acts, even though Judge Arnold is protected by absolute judicial immunity. *Swift v. California*, 384 F.3d 1184, 1188(9th Cir. 2004) (*citing Pierson v. Ray*, 386 U.S. 547 (1967)). Plaintiff makes several motions for appointment of counsel. Dkts. 245, 246, and 274. However, Plaintiff has already been appointed counsel and he fired her five weeks later for not responding quickly enough to his demands. Dkt. 258. Plaintiff abused the opportunity he was given. The Report and Recommendation provides a lengthy description of additional specific conduct that violates Rule 11(b). Plaintiff had an opportunity in his objections to show why he did not violate Rule 11, and instead, continued to violate it.

Plaintiff's case should be dismissed with prejudice as a sanction for violating Rule 11. Plaintiff's pleadings were, and still are, being presented for improper purposes such as harassment, undue delay, and with the intent to needlessly increase the cost of litigation. Dismissal of the case with prejudice is required in order to deter repetition of Plaintiff's conduct or comparable conduct by others similarly situated.

/

### III. ORDER

Therefore, it is hereby,

**ORDERED** that Report and Recommendation (Dkt. 258) is **ADOPTED** and this case is **DISMISSED WITH PREJUDICE**.

The Clerk of the Court is directed to **STRIKE** all pending motions (Dkts. 243-246, 249, 250, 252, 257, 260-262, 265, 268, 269, and 274). Any further motions shall be filed by the Clerk of the Court, but no action will be taken on them.

The Clerk of the Court is also directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 15th day of May, 2006.

*/s/ Robert J. Bryan*
Robert J. Bryan
United States District Judge